

# NUMBER 13-21-00011-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

L.L.C., INC. AND
FUN HOLDINGS, LLC,                                                    Appellants,

v.

GLENN HEGAR, COMPTROLLER OF
PUBLIC ACCOUNTS OF THE STATE
OF TEXAS AND KEN PAXTON, ATTORNEY
GENERAL OF THE STATE OF TEXAS,                              Appellees.

### On appeal from the 53rd District Court
### of Travis County, Texas.

# CONCURRING MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa[1] and Silva

---

[1] The Honorable Leticia Hinojosa, former Justice of this Court, was a member of the panel at the time this case was submitted for oral argument but did not participate in this decision because her term of office expired on December 31, 2022.

**Concurring Memorandum Opinion by Chief Justice Contreras**

I agree with the Court's conclusion because it is compelled by the controlling precedent of the transferor court. *See* TEX. R. APP. P. 41.3. I write separately to note that, if this were not a transfer case, I would decide this case differently because I disagree with the Austin court's majority opinion in *1st Global. See id.* (noting that, in a transfer case, "[t]he court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent").

The *1st Global* majority found that, under Texas Tax Code § 112.051, an "amount claimed by the state" does not include an amount which is "self-assess[ed] based on the Comptroller's previously announced general legal position regarding apportionment" of franchise taxes. *1st Glob., Inc. v. Hegar*, No. 03-19-00740-CV, 2021 WL 5022390, at *3 (Tex. App.—Austin Oct. 29, 2021, no pet.) (mem. op.). It reasoned that "the phrase 'the amount claimed by the state' can reasonably be read to require some sort of affirmative claim by the state for a specific amount of franchise taxes." *Id.* But as recognized in the dissenting opinion in *1st Global*:

> [T]he Texas Legislature chose not to limit the broad language—"the amount claimed by the state"—to an amount that the Comptroller calculates that a particular taxpayer has underpaid on the original "amount claimed by the state." If the Legislature had sought to limit protest suits to situations in which the Comptroller assesses a liability, conducts an audit, issues a jeopardy determination, determines a deficiency, or issues a refund denial . . . the Legislature would have included language specifying that protest suits are limited to those circumstances.

*Id.* at *4 (Triana, J., dissenting) (citing *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (noting that courts presume the Legislature carefully chooses a statute's language, "purposefully omitting words not chosen")).

2

In this case, the SOB Fee Statute imposes a tax of $5 per customer entry on every "sexually oriented business" in Texas. *See* TEX. BUS. & COM. CODE ANN. §§ 102.051–.056. It is undisputed that appellants owed SOB Fees for 2020. Based on their own data regarding the number of customers served (which the Comptroller does not dispute), appellants voluntarily paid their 2020 SOB Fees, and the Comptroller received and accepted the funds. Under the rationale of the *1st Global* majority, appellants did not pay an "amount claimed by the state" because their fee was "self-assessed." *See 1st Glob.*, 2021 WL 5022390, at *3. I would instead conclude that the Comptroller, acting on behalf of the state, "claims" that SOBs owe the SOB Fee "to be paid each year in the amount prescribed" by the SOB Fee Statute, "and thus a taxable entity may file a protest letter" with its SOB Fee "challenging any portion of that amount owed that it contends is unlawful." *See id.* at *4 (Triana, J., dissenting). It is irrelevant that appellants—as opposed to the Comptroller—were the ones who performed the rudimentary arithmetic necessary to calculate the precise dollar figure of their total SOB Fee in 2020. The Legislature did not intend to deprive appellants of the ability to file a protest suit in this situation. *See id.* (observing that "the plain language of [§] 112.051(a)" allows a taxpayer to "pay[] the amount of its self-assessed franchise-tax liability under protest with its timely filed regular annual report," and that the Texas Supreme Court "explicitly recognized the validity" of this approach in *In re Nestle USA, Inc.*, 387 S.W.3d 610 (Tex. 2012) (orig. proceeding)). Accordingly, were this case not a transfer case, I would resolve the issue in favor of appellants. *See* TEX. R. APP. P. 41.3.

I concur in the Court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
8th day of June, 2023.